IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPHINE GRACE LAPINA, | ) | Civil No. 19-00452 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS COMPLAINT WITH |
| | ) | LIMITED LEAVE TO AMEND; |
| STATE OF HAWAII; HAWAII | ) | (2) DENY PLAINTIFF'S |
| CHILD SUPPORT ENFORCEMENT | ) | APPLICATION TO PROCEED IN |
| AGENCY; DAVID GIERLACH; | ) | DISTRICT COURT WITHOUT |
| BARBARA SHINTANI; JAN | ) | PREPAYING FEES OR COSTS |
| WATANABE; EDWARD SMITH; | ) | |
| SCOT BROWER; and MICHAEL J. | ) | |
| SUTTON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**FINDINGS AND RECOMMENDATION TO:  (1) DISMISS
COMPLAINT WITH LIMITED LEAVE TO AMEND;
(2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN
DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On August 21, 2019, Plaintiff Josephine Grace Lapina ("Plaintiff"),

proceeding pro se, filed a Complaint for Violation of Civil Rights ("Complaint")

against Defendants State of Hawaii (the "State"), Hawaii Child Support

Enforcement Agency ("HCSEA"), Judge David Gierlach ("Judge Gierlach"),[1]

Barbara Shintani, Jan Watanabe, Edward Smith, Scot Brower, and Michael J.

_____

[1] Based on this Court's familiarity with the Hawaii State Bar, the Court is aware
that Judge Gierlach is a Per Diem Judge for the Family Court for the Circuit Court
of the First Circuit, State of Hawaii

Sutton (collectively, "Defendants"), alleging that Defendants violated her federal civil rights.  ECF No. 1.  That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  ECF No. 2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, the Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint WITH LIMITED LEAVE TO AMEND.  The Court also RECOMMENDS that the district court DENY WITHOUT PREJUDICE Plaintiff's IFP Application.

## DISCUSSION

I.    The Complaint

       A.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to

dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet--that the court must accept as true all of the allegations contained in the complaint--"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8.  *Id.* at 679.

A complaint must also meet Rule 8's requirements that a complaint include a "short and plain statement of the claim," and that "each allegation must be

simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where the Complaint fails to provide the defendant fair notice of the wrongs allegedly committed.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry*, 84 F.3d at 1179.  Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (quotation marks omitted).

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge*

4

*v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiuam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

B.    The Complaint's Allegations

The Court notes that the factual averments in the Complaint are difficult to follow, as Plaintiff's "statement of claim" consists of vague, unorganized text. From what the Court can glean from the allegations, Plaintiff's claims arise out of a custody and child support dispute with her daughters' father, Defendant Michael J. Sutton ("Defendant Sutton").

The Complaint's allegations appear to focus on two proceedings in the Family Court for the Circuit Court of the First Circuit, State of Hawaii ("Family Court"). First, the Complaint refers to an August 21, 2017 proceeding ("08/21/2017 Proceeding") before Judge Gierlach. *See* ECF No. 1 at 11. The Complaint alleges that Defendant Edward Smith ("Defendant Smith") represented Plaintiff at the 08/21/2017 Proceeding. The Complaint alleges that Barbara

Shintani ("Defendant Shintani"), a court officer/social worker, testified at the 08/21/2017 Proceeding regarding a report she had prepared based on a meeting with Plaintiff and Defendant Sutton concerning visitation for their children. *See id.* at 4, 8, 11. The Complaint alleges that Defendant Shintani "has change [sic] the wording of her entire report." *See id.* at 11.

The Complaint alleges that, at the end of the 08/21/2017 Proceeding, Judge Gierlach ordered Plaintiff to bring her daughters to Family Court within one hour. *See id.* The Complaint alleges that the courthouse was closed by the time Plaintiff returned with her daughters. *See id.* at 13. The Complaint alleges that, when they entered the courthouse, two sheriffs forcibly separated Plaintiff from her daughters. *See id.* The sheriffs allegedly pulled the girls away from Plaintiff and pushed them into Defendant Sutton's car. *See id.* Defendant Sutton then sped off, and Plaintiff claims she has not seen her daughters since. *See id.*

Second, the Complaint refers to a subsequent proceeding where Plaintiff was represented by Defendant Scot Brower ("Brower"). *See id.* at 13. Although unclear, this proceeding appears to have been a trial regarding custody on January 8, 2018 ("01/08/2018 Trial"). The Complaint alleges that Defendant Jan Watanabe ("Defendant Watanabe"), a "CIU officer," testified at the 01/08/2018 Trial that Defendant Sutton does not have a criminal record and Plaintiff does. *See id.* Defendant Watanabe also testified that Child Protective Services had found

Plaintiff unable to care for her daughters.  *See id.*  Plaintiff alleges that the foregoing testimony from Defendant Watanabe was false.  *See id.*

The Complaint alleges that, at the end of the 01/08/2018 Trial, the presiding judge (whom Plaintiff does not identify by name) ordered Plaintiff to surrender custody of her daughters within one hour.  *See id.*  The Complaint alleges that the judge did so "without notice of the reason for this immediate action of their taking my daughters by physical force and detaining me against my will . . . ."  *Id.*  The Complaint alleges that, based on the final custody order she subsequently received, the Family Court had awarded sole legal custody of their daughters to Defendant Sutton.  *See id.* at 14.

The Complaint also refers to family court proceedings in Kentucky.  It is unclear from the allegations, however, what happened in the Kentucky proceedings and whether and to what extent the Kentucky proceedings are related to the Hawaii Family Court proceedings.

The Complaint states:  "Under the 1st and 14th const.amend. [sic] The due process clause requires that a state support it's [sic] allegations by at least clear and convincing evidence before it may involuntarily divest a parent of her parental rights."  *See id.*  Based on this statement, the Complaint appears to assert claims pursuant to 42 U.S.C. §§ 1983 and 1985 based on alleged due process violations.

The Complaint's request for relief states: "Criminal arrest, I want the public to know. Jury decision of the damages, punitive damages. . . ." *Id.* at 18.

C.    The Complaint Fails to State a Claim for Relief

1.    The Complaint Fails to Satisfy Pleading Requirements Set Forth in Rule 8

The Court finds that the Complaint fails to satisfy Rule 8, which provides that a complaint must include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").  Such is the case here.

Plaintiff does not clearly identify in any coherent or organized manner the separate causes of action that she is asserting.  Nor does Plaintiff provide specific factual allegations to support a violation of her federal civil rights.  Plaintiff simply asserts her recollection of pertinent events in the Family Court proceedings and states, in an entirely conclusory manner, that her due process rights were violated.  Even liberally construing Plaintiff's allegations, the Court is unable to discern the

alleged conduct on which any claim is based, other than Plaintiff's dissatisfaction with the outcome of the Family Court proceedings.

Based on the foregoing, the Court finds that the Complaint's allegations fail to satisfy the pleading requirements of Rule 8.  The Court thus recommends that the district court dismiss the Complaint with limited leave to amend as set forth below.

2.    The Eleventh Amendment Bars Plaintiff's Claim Against the State and HCSEA

To the extent Plaintiff seeks to assert claims pursuant to § 1983 and § 1985 against the State and HCSEA, the Court finds that such claims are barred by the Eleventh Amendment.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984).  Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in the official capacities) are immune from suit under the Eleventh Amendment.  *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst*, 465 U.S. at 99.  The Eleventh Amendment sovereign immunity applies to § 1983 and § 1985 claims.  *See Cerrato v. S.F. Cmty. College Dist.*, 26 F.3d 968,

972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars § 1983 and

§ 1985 claims against the states).

Based on the foregoing, the Court finds that the State and HCSEA, as a state

agency, are immune from Plaintiff's claims under § 1983 and § 1985, pursuant to

the Eleventh Amendment.  Because Plaintiff's claims against the State and

HCSEA are barred, the Court further finds that Plaintiff cannot cure the

deficiencies noted herein by amending her pleadings.  Accordingly, the Court

recommends that the district court dismiss such claims against the State and

HCSEA with prejudice, *i.e.*, without leave to amend.  *See, e.g.*, *Jossy v. Hawaii*,

CIV. NO. 19-00055 LEK-RT, 2019 WL 2292074, at *6-7 (D. Haw. May 29, 2019)

(dismissing with prejudice the plaintiff's § 1983 claims against the state as barred

under the Eleventh Amendment).

        3.      **Judicial Immunity Bars Plaintiff's Claims Against Judge Gierlach for His Judicial Acts**

"Judges are absolutely immune from civil liability for damages for their

judicial acts." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th

Cir. 1985) (citations omitted).  "This immunity applies even when the judge is

accused of acting maliciously or corruptly, and it is not for the protection or benefit

of a malicious or corrupt judge, but for the benefit of the public, whose interest it is

that the judges should be at liberty to exercise their functions with independence

and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967)

(citations and internal quotation marks omitted).  "Judicial immunity may be overcome only if the judge's actions are 'not taken in the judge's judicial capacity,' or are 'taken in the complete absence of all jurisdiction.'"  *Ah Puck v. Werk*, CIV. NO. 17-00154 DKW-KJM, 2017 WL 1731685, at *3 (D. Haw. May 2, 2017) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

The Complaint's allegations regarding Judge Gierlach involve only his judicial acts.  The Complaint's allegations as to Judge Gierlach are limited to: (1) Judge Gierlach presided over the 08/21/2017 Proceeding; and (2) at the end of the 08/21/2017 Proceeding, Judge Gierlach ordered Plaintiff to bring her daughters to the courthouse.  *See* ECF No. 1 at 11.  Plaintiff's claims rely solely on alleged acts that Judge Gierlach undertook in his judicial capacity, which are protected under the doctrine of judicial immunity.

Based on the foregoing, the Court finds that Judge Gierlach is immune from Plaintiff's § 1983 and § 1985 claims.  *See Pierson*, 386 U.S. 547 (applying judicial immunity to § 1983 action); *see also Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964) (holding that the doctrine of judicial immunity applies to § 1985 claims).  The Court further finds that Plaintiff cannot cure the deficiencies noted herein by amendment.  The Court thus recommends that the district court dismiss the claims against Judge Gierlach with prejudice.

4.     The Complaint Fails to State Claims for Relief under § 1983 Against Defendants Shintani, Watanabe, Brower, Smith, and Sutton

a.     Defendants Shintani and Watanabe

To sustain a civil rights action pursuant to § 1983, a plaintiff "must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.  "Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant." *Jossy*, 2019 WL 2292074, at *6 (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Even assuming the Complaint sufficiently alleges that the Defendants Shintani and Watanabe acted under color of state law, the Complaint fails to allege

facts showing that their conduct deprived Plaintiff of a federal constitutional or statutory right. Plaintiff asserts violations of her due process rights. The Complaint's factual allegations, however, do not affirmatively link any alleged due process violations with Defendant Shintani's or Defendant Watanabe's alleged conduct. The Court thus finds that the Complaint's allegations are insufficient to put Defendants Shintani and Watanabe on notice of their alleged acts that Plaintiff contends violated her due process rights. *See McHenry*, 84 F.3d at 1178-80.

Based on the foregoing, the Court recommends that the district court dismiss Plaintiff's § 1983 claims against Defendants Shintani and Watanabe. The Court further finds, however, that it is arguably possible for Plaintiff to cure the deficiencies noted herein by amendment. The Court thus recommends that district court grant Plaintiff leave to file an amended complaint that asserts § 1983 claims against Defendants Shintani and Watanabe.

b.    Defendants Brower, Smith, and Sutton

Plaintiff also asserts § 1983 claims against Defendants Brower, Smith, and Sutton, who are private parties. A private party may, under limited circumstances, act under color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered join action with a state actor.").

The Ninth Circuit recognizes "at least four different criteria, or tests used to identify state action:  '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)).  "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists."  *Id.*  Under any of the four tests, however, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government."  *Id.* at 1096 (citation and internal quotation marks omitted).

To establish satisfy the "public function" test, the plaintiff must show that a private entity carried out a function that is "traditionally the *exclusive* prerogative of the State."  *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original).  To establish "joint action," a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity.  This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior."  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and internal quotation marks omitted).

Under the "government compulsion/coercion test," the court considers whether the "coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citations omitted). "Under the governmental nexus test, a private party acts under color of state law if there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Ohno v. Yasuma*, 723 F.3d 984, 995 n.13 (9th Cir. 2013) (internal quotation marks and citation omitted).

The Complaint alleges no facts showing that Defendants Brower, Smith, and Sutton's alleged conduct amounts to "state action" under any of the foregoing tests. Regarding Defendants Brower and Smith, the Complaint merely alleges that they represented Plaintiff in Family Court proceedings. Plaintiff does not allege that her attorneys' representation was in any way connected to or influenced by the government. Similarly, Plaintiff does not allege that Defendant Sutton's conduct was related to government action. Simply put, the Complaint fails to allege facts showing that Defendants Brower, Smith, and Sutton's alleged conduct is "fairly attributable to the government." *Kirtley*, 326 F.3d at 1096.

Based on the foregoing, the Court finds that the Complaint fails to state § 1983 claims against Defendants Brower, Smith, and Sutton, and thus the Court recommends that the district court dismiss these claims. The Court further finds,

15

however, that it is arguably possible for Plaintiff to cure the defects noted herein by amendment. Accordingly, the Court recommends that the district court grant Plaintiff leave to file an amended complaint that asserts § 1983 claims against Defendants Brower, Smith, and Sutton.

> 5.    The Complaint Fails to State Claims for Relief Under § 1985 Against Defendants Shintani, Watanabe, Brower, Smith, and Sutton

The Court finds that the Complaint fails to state § 1985 claims against Defendants Shintani, Watanabe, Brower, Smith, and Sutton. Section 1985 provides a cause of action for damages against persons who conspire to interfere with civil rights:

> (1)    Preventing officer from performing duties
>
> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his officer, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impeded him in the discharge of his official duties;
>
> (2)    Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so

attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3)    Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

"Section 1985 contains discrete substantive clauses." *Bretz v. Kelman*, 773

F.2d 1026, 1027 n.3 (9th Cir. 1985).  These substantive clauses concern

conspiracies to prevent an officer from performing duties, obstruction of justice or

to intimidate witnesses or jurors, to deny equal protection of the laws, or to

interfere with federal elections. *Id.* Equal protection conspiracy claims under

subsections (2) and (3) of § 1985 require an alleged class-based animus, *e.g.*, racial

discrimination. *See id.* at 1028 (analyzing *Griffin v. Breckenridge*, 403 U.S. 88

(1971) and *Kush v. Rutledge*, 460 U.S. 719 (1983)).

The Complaint contains no allegations regarding an alleged conspiracy to

(1) prevent any officer from performing official duties, (2) obstruct justice,

(3) discriminate based on class, or (4) interfere with elections. Indeed, the

Complaint does not allege any facts suggesting that any of the Defendants

conspired with each other regarding their alleged conduct. Moreover, Plaintiff's

claims of alleged due process violations do not fall within the purview of § 1985.

*See Yellen v. Hara*, CIVIL NO. 15-00300 JMS-KSC, 2015 WL at *9 (D. Haw.

Dec. 10, 2015) (citations omitted) ("[T]he Complaint alleges a conspiracy to

deprive Plaintiffs of due process, which does not fall within § 1985"); *see also,*

*e.g.*, *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992)

(upholding dismissal of claim under § 1985(3) based upon conspiracy to deprive

plaintiff of due process).

Based on the foregoing, the Court finds that the Complaint fails to state a

claim under § 1985. The Court thus recommends that the district court dismiss

Plaintiff's § 1985 claims against Defendants Shintani, Watanabe, Brower, Smith, and Sutton.

The Court further finds, however, that it is arguably possible for Plaintiff to cure the defects noted herein by amendment. Accordingly, the Court recommends that the district court grant Plaintiff leave to file an amended complaint that asserts § 1985 claims against Defendants Shintani, Watanabe, Brower, Smith, and Sutton.

6.    Leave to Amend

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies outlined above. Any amended complaint, however, may not include § 1983 or § 1985 claims against the State, HCSEA, or Judge Gierlach because such claims are barred, as set forth above.

In addition, any amended complaint must comply with Rule 8. If Plaintiff chooses to file an amended complaint, she must write short and plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff should repeat this process for each person or entity that she names as a defendant.

Plaintiff must also list separate causes of action for alleged violations of her federal civil rights.  Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  LR10.4.  As a general rule, an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012).  In other words, if Plaintiff files an amended complaint, the original Complaint no longer serves any function in this case.  Any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived.  *See id.* at 928 (holding "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint" (citation and internal quotation marks omitted)).

II.    IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application at this time.

The Court further recommends, however, that the district court grant Plaintiff leave to file another application she if chooses to file an amended complaint.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1.     DISMISS the Complaint WITH LEAVE TO FILE AN AMENDED COMPLAINT curing the deficiencies identified above no later than thirty (30) days from an order adopting this Findings and Recommendation; and

2.     DENY Plaintiff's IFP Application with leave to file another application if she chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 24, 2019.



_____
Kenneth J. Mansfield
United States Magistrate Judge

*Lapina v. State of Hawaii, et al.*, Civil No. 19-00452 LEK-KJM; FINDINGS AND RECOMMENDATION TO:  (1) DISMISS COMPLAINT WITH LIMITED LEAVE TO AMEND; (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS