UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPHINE GRACE LAPINA,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAVID GIERLACH, FAMILY COURT<br>JUDGE; BARBARA SHINTANI, AN<br>INDIVIDUAL; JAN WATANABE, AN<br>INDIVIDUAL; SCOT BROWER, AN<br>INDIVIDUAL; EDWARD SMITH, AN<br>INDIVIDUAL; MICHAEL J. SUTTONII,<br>AN INDIVIDUAL;  CITY AND COUNTY<br>OF HONOLULU, A PUBLIC ENTITY;<br>AND  DOES 1 THROUGH 4,<br>INCLUSIVE;<br><br>            Defendants. | CIV. NO. 19-00452 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S
MARCH 18, 2020 ENTERING ORDER AND APRIL 24, 2020 ORDER**

On March 18, 2020, the magistrate judge issued an entering order that, among other things, denied pro se Plaintiff Josephine Grace Lapina's ("Plaintiff") request for an extension of her deadline to file a third amended complaint ("3/18/20 EO"). [Dkt. no. 50.]  On April 24, 2020, the magistrate judge issued an order denying Plaintiff's motion for reconsideration of the 3/18/20 EO ("4/24/20 Order").  [Dkt. no. 54.]  On May 7, 2020, Plaintiff filed a document that has been construed as her

appeal from the 3/18/20 EO and the 4/24/20 Order ("Appeal").[1] [Dkt. no. 55.]  Defendants Barbara Shintani and Jann Watanabe ("Defendants") filed their response to Plaintiff's Appeal on May 22, 2020.  [Dkt. no. 58.]  The Court has considered the Appeal as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Plaintiff's Appeal is hereby granted in part and denied in part for the reasons set forth below.  Plaintiff's Appeal is granted, insofar as she will be allowed to file a third amended complaint, but her Appeal is denied in all other respects.

## BACKGROUND

Plaintiff initiated this action on August 21, 2019. [Complaint for Violation of Civil Rights (dkt. no. 1).] Plaintiff's current pleading is her Second Amended Complaint for Damages ("Second Amended Complaint"), filed on December 10, 2019.  [Dkt. no. 14.]  Plaintiff alleges three claims for

---

[1] Plaintiff's May 7, 2020 filing is untiled and begins: "VERIFIED NOTICE OF APPEARANCE; REQUEST FOR WRIT OF QUO WARRANTO, REQUIRE RIGHTS OF SUBROGATION AND DO NOT CONSENT(S)(D), PLAINTIFF OBJECTS TO THIS HONORABLE COURTS 09/24/2019 AND ALL OPINIONS AND FINDINGS THEREAFTER. . . ." [Dkt. no. 55 at 1 (emphasis in original).]  This Court liberally construed the filing as Plaintiff's Appeal.  [Minute Order, EO: Court Order Construing Plaintiff's May 7, 2020 Filing as an Appeal from the Magistrate Judge's March 18, 2020 Entering Order and April 24, 2020 Order, filed 5/11/20 (dkt. no. 56) ("5/11/20 EO").]

violation of her rights under the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1985, arising from alleged actions during the course of family court proceedings and related events that resulted in the termination of her parental rights.

On January 8, 2020, Defendants filed a motion to dismiss the Second Amended Complaint with prejudice ("Motion to Dismiss"). [Dkt. no. 32.] On January 28, 2020, Plaintiff filed a motion that, among other things, requested leave to file a third amended complaint. [Dkt. no. 36.] On February 7, 2020, the magistrate judge issued an order that granted Plaintiff leave to file a third amended complaint by February 21, 2020 ("2/7/20 Order"). [Dkt. no. 38.] Because Plaintiff was granted leave to amend, the Motion to Dismiss was denied as moot. [Minute Order, filed 2/26/20 (dkt. no. 43).]

On February 21, 2020, Plaintiff filed a motion seeking an extension of her deadline to file the third amended complaint. [Dkt. no. 39.] The magistrate judge granted the motion in a February 25, 2020 entering order ("2/25/20 EO") and issued a new deadline of March 6, 2020. [Dkt. no. 42.] The 2/25/20 EO stated: "The Court CAUTIONS Plaintiff that no further extensions will be granted absent Plaintiff's showing of special circumstances." [Id. (emphasis in original).]

3

On March 6, 2020, Plaintiff filed a motion that, among other things, requested an extension of the deadline to file the third amended complaint ("3/6/20 Motion"). [Dkt. no. 44.] In the 3/18/20 EO, the magistrate judge denied the 3/6/30 Motion because the 3/6/20 Motion failed to establish that special circumstances warranted the extension. [Dkt. no. 50.] In addition, the 3/18/20 EO noted that the copy of a prior minute order sent to Plaintiff was returned as undeliverable. The magistrate judge cautioned Plaintiff to file a notice of any change in her address or telephone number.

On April 1, 2020, Plaintiff filed a motion for reconsideration of the 3/18/20 EO's denial of her request for an extension ("Motion for Reconsideration"). [Dkt. no. 51.] In addition, the Motion for Reconsideration asked the magistrate judge to: take judicial notice of the exhibits attached to the Motion for Reconsideration; appoint pro bono counsel to represent Plaintiff; provide Plaintiff with transcripts of all prior proceedings in the case; and issue an order that transcripts of all future proceedings in the case be provided to Plaintiff.

In the 4/24/20 EO, the magistrate judge noted that Plaintiff's Motion for Reconsideration did not identify any new facts, change in the law, or manifest error in the 3/18/20 EO. Further, the Motion for Reconsideration did not identify any

4

special circumstances warranting an extension of the deadline to file Plaintiff's third amended complaint.  The magistrate judge therefore denied Plaintiff's request for reconsideration of the 3/18/20 EO.  [4/24/20 Order at 5-6.]  The magistrate judge also denied Plaintiff's other requests in the Motion for Reconsideration.  [Id. at 6-7.]  The instant Appeal followed.

## DISCUSSION

The magistrate judge's 3/18/20 EO and the 4/24/20 Order are nondispositive orders.

> A magistrate judge's order on a nondispositive matter, or any portion of the order, may be reversed or modified by the district court only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 74.[2]. "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'"  Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  A magistrate judge's nondispositive order is "contrary to law" when the magistrate judge "fails to consider an element of the applicable legal standard." Durham v. Cty. of Maui, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010).

U.S. Equal Emp. Opportunity Comm'n v. MJC, Inc., Civ. No. 17-00371 SOM-WRP, 2019 WL 2505030, at *2 (D. Hawai`i June 17, 2019) (some alterations in MJC).

Plaintiff appears to make various requests beyond her challenges to the rulings in the 3/18/20 EO and the 4/24/20 Order.  See, e.g., Appeal at 1 (stating Plaintiff objects to the

September 24, 2019 order and all orders thereafter); id. at 3
(objecting to the continuance of the Rule 16 Scheduling
Conference originally set for February 25, 2020); id. at 3-4
(arguing the merits of her claims in this case).  Because the
Appeal has been construed as addressing the 3/18/20 EO and the
4/24/20 Order, [5/11/20 EO at 1,] only Plaintiff's arguments
challenging those orders are properly before the Court at this
time.  To the extent that the Appeal raises issues beyond the
subject matter addressed in the 3/18/20 EO and the 4/24/20
Order, the Appeal is denied.

     The arguments in the Appeal that are properly before
the Court are: Plaintiff's repeated request for transcripts and
her repeated request for judicial notice; [Appeal at 2;] and
Plaintiff's argument that, because she "did not receive this
courts [sic] findings and recommendations regarding the time
allowed with deadline by March 6, 2020," she is entitled to a
new deadline to file her third amended complaint, [id. at 5].
Plaintiff does not present any reason why either the magistrate
judge's denial of her request for transcripts or the magistrate
judge's denial of her request for judicial notice were clearly
erroneous or contrary to law.  Plaintiff's Appeal is therefore
denied as to her challenges to those portions of the 4/24/20
Order.

Plaintiff apparently argues the magistrate's denial of her request for an extension was clearly erroneous because there were special circumstances warranting the extension; she asserts the United States Postal Service ("USPS") mistakenly returned Plaintiff's mail from this district court.  Attached to the Appeal is a letter dated April 27, 2020 to Plaintiff from the USPS, stating:

> I apologize for the inconvenience you have experienced because of your Return to Sender mail from the District Court on March 6,2020. Supervisor Pa`e interviewed the clerk who returned your mail, who also stated this mail piece was in the outgoing mail slot with other mail pieces addressed to your PO BOX, with hand written endorsement of Return to Sender.  The clerk should have placed all of it back into the PO Box until determined if mail pieces are refused, attempted not known, or moved left no address.  The Postal Service is aware of the frustration and disappointment this must cause.
>
> We have created a plan to remedy the problem and wanted to provide you with some details.

[Dkt. no. 55-1 ("USPS Letter").]  Because Plaintiff did not have the USPS Letter when she filed the 3/6/20 Motion and her Motion for Reconsideration, the magistrate judge did not consider the USPS Letter when he issued either the 3/18/20 EO or the 4/24/20 Order.

The record in this case confirms that the copy of the Notice of Electronic Filing of docket number 41, the February 24, 2020 entering order continuing the Rule 16

Scheduling Conference ("2/24/20 EO"), which was sent to Plaintiff was returned as undeliverable. [Dkt. no. 49.]  The return to sender label that USPS affixed to the envelope is dated March 6, 2020, [id. at 1,] consistent with the statements in the USPS Letter.  However, the USPS Letter does not directly support Plaintiff's position that she was unaware of the March 6, 2020 deadline for the filing of the third amended complaint because the document which informed her of the March 6, 2020 deadline was the 2/25/20 EO, not the 2/24/20 EO.  Although there is no indication in the record that the copy of the 2/25/20 EO which was sent to Plaintiff was returned to the district court, the 2/25/20 EO was sent to Plaintiff only a day or two after the 2/24/20 EO, and the USPS Letter suggests that the problem with Plaintiff's mail applied to more than one envelope.  It can therefore be reasonably assumed that Plaintiff did not receive the 2/25/20 EO, which contained both the March 6, 2020 filing deadline and the admonition that further extensions would only be granted upon the showing of special circumstances.

       In light of the additional information provided in the Appeal, which was not available to the magistrate judge at the time of the 3/18/20 EO and the 4/24/20 EO, this Court finds that special circumstances existed warranting an extension of Plaintiff's deadline to file her third amended complaint.  The

portions of the 3/18/20 EO and the 4/24/20 Order denying
Plaintiff's request for an extension were therefore clearly
erroneous.[2]  Plaintiff's Appeal is granted, insofar as those
portions of the 3/18/20 EO and the 4/24/20 Order are vacated.

Plaintiff will be allowed to file her third amended
complaint by no later than **November 23, 2020**.  Plaintiff is
reminded that the third amended complaint must comply with the
magistrate judge's directions in the 2/7/20 Order.  Plaintiff is
CAUTIONED that no further extensions will be granted unless she
files a motion establishing exceptional circumstances **prior to**
the expiration of the **November 23, 2020** deadline.  If Plaintiff
fails to file a timely third amended complaint, her Second
Amended Complaint will remain the operative pleading, and
Defendants will be given the opportunity to re-file the Motion
to Dismiss.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's May 7, 2020
appeal of the magistrate judge's March 18, 2020 entering order
and the magistrate judge's April 24, 2020 order is HEREBY
GRANTED IN PART AND DENIED IN PART.  The Appeal is GRANTED
insofar as: 1) the portions of the 3/18/20 EO and the 4/24/20

---

[2] This Court emphasizes that the magistrate judge's denial
of Plaintiff's request for an extension was not clearly
erroneous based on the evidence available at the time the
magistrate judge's orders were issued.

Order denying Plaintiff's request for an extension her deadline to file a third amended complaint are VACATED; and

2) Plaintiff's deadline to file her third amended complaint is EXTENDED to **November 23, 2020**.  Plaintiff's third amended complaint must comply with the terms of this Order.

  Plaintiff's Appeal is DENIED in all other respects, and all portions of the 3/18/20 EO and the 4/24/20 Order other than the portions addressing the extension are AFFIRMED.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAI`I, October 22, 2020.



     /s/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States District Judge

**JOSEPHINE GRACE LAPINA VS. DAVID GIERLACH, ETC., ET AL; CV 19-00452 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S MARCH 18, 2020 ENTERING ORDER AND APRIL 24, 2020 ORDER**