UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPHINE GRACE LAPINA,<br><br>              Plaintiff,<br><br>   vs.<br><br>DAVID GIERLACH, FAMILY COURT JUDGE; BARBARA SHINTANI, AN INDIVIDUAL; JAN WATANABE, AN INDIVIDUAL; SCOT BROWER, AN INDIVIDUAL; EDWARD SMITH, AN INDIVIDUAL; MICHAEL J. SUTTON II, AN INDIVIDUAL; CITY AND COUNTY OF HONOLULU, A PUBLIC ENTITY; AND DOES 1 THROUGH 4, INCLUSIVE;<br><br>              Defendants. | CIV. NO. 19-00452 LEK-KJM |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        Before the Court is Defendants Barbara Shintani ("Shintani") and Jann Watanabe's ("Watanabe") Motion for Summary Judgment ("Motion"), filed on March 5, 2021. [Dkt. no. 93.] Pro se Plaintiff Josephine Grace Lapina ("Plaintiff") neither filed a response to the Motion nor requested additional time to respond to the Motion. See Amended Minute Order, filed 3/10/21 (dkt. no. 95) (setting a 3/23/21 deadline for Plaintiff's response to the Motion). The Court considers the Motion unopposed and finds the Motion suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of

Practice for the United States District Court for the District of Hawaii ("Local Rules"). On June 30, 2021, an entering order was issued that informed the parties of the Court's ruling on the Motion. [Dkt. no. 102.] The instant Order supersedes that entering order. Shintani and Watanabe's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

Plaintiff's operative pleading is her Second Amended Complaint for Damages ("Second Amended Complaint"), which she filed on December 10, 2019. [Dkt. no. 14.] It alleges three claims arising from violations of Plaintiff's rights under the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1985. The alleged violations occurred during the course of the family court proceedings, and related events, which Plaintiff asserts resulted in the termination of her parental rights. The only remaining Defendants are Shintani, Watanabe, and Michael Sutton II ("Sutton"). See Order Denying the Portion of Plaintiff's July 1, 2020 Motion Seeking Summary Judgment; Denying Defendants Shintani and Watanabe's Request for Summary Judgment; and Granting Defendants Brower and Smith's Requests for Summary Judgment, filed 1/19/21 (dkt. no. 83) ("1/19/21 Order"), at 8-12 (addressing improperly named defendants); 1/19/21 Order at 29-30 (granting summary judgment in favor of Defendants Scot Brower ("Brower") and Edward Smith ("Smith") as

to Plaintiff's claims against them);[1] Minute Order - EO: Court Order Dismissing Plaintiff's Claims Against Defendant City and County of Honolulu Without Prejudice, filed 3/2/21 (dkt. no. 92). Sutton, who is the father of Plaintiffs' daughters, has been served, but has not appeared in this case. See 1/19/21 Order at 5 n.3; Proof of Service, filed 2/22/21 (dkt. no. 91) (stating Sutton was served on 2/19/21).

The first § 1983 and § 1985 claim alleges a violation of Plaintiff's substantive and procedural due process rights arising from the seizure of her children and the on-going withholding of her children from her ("Count I"). [Second Amended Complaint at PageID #: 76-77.] The second § 1983 and § 1985 claim alleges a violation of Plaintiff's "due process right to be free from deception in the presentation of evidence to the county court by plaintiff" ("Count II"). [Id. at PageID #: 77.] The third § 1983 and § 1985 claim alleges an unwarranted seizure of Plaintiff's children by social workers, court security guards, and/or sheriffs at the family court ("Count III"). [Id. at PageID #: 79.]

---

[1] The 1/19/21 Order is also available at 2021 WL 191635. The 1/19/21 Order addressed the portion of Plaintiff's July 1, 2020 filing that was construed as Plaintiff's motion for summary judgment ("Plaintiff's 7/1/20 Motion"), as well as the Local Rule 56.1(i) requests for summary judgment that were made by Shintani and Watanabe, by Brower, and by Smith. [1/19/21 Order at 1-2.]

Shintani and Watanabe argue they are entitled to summary judgment as to all of Plaintiffs' claims against them because, "[t]o prevail on her 42 U.S.C. §§ 1983 and 1985 claims against [them], Plaintiff must prove that [they] were acting in their individual capacities[,]" *i.e.* they were not acting in their capacities as employees of the State of Hawai`i.  See Mem. in Supp. of Motion at 11.  Shintani and Watanabe have not submitted any new material in support of the instant Motion. Instead, they rely upon the Concise Statement of Facts, and the declarations attached thereto, that they filed in response to Plaintiff's 7/1/20 Motion and in support of their Local Rule 56.1(i) request for summary judgment.  Compare Motion, Decl. of Robyn B. Chun, Exh. A (copy of the State Defs.' Concise Statement of Facts, filed 8/14/20 (dkt. no. 71)).  Because Shintani and Watanabe rely on their previously submitted materials to support the instant Motion, this Court will also consider the materials that Plaintiff previously submitted in support of Plaintiff's 7/1/20 Motion in ruling on the instant Motion.  Further, the factual background set forth in the 1/19/21 Order is incorporated in this Order as the relevant factual background for the instant Motion.

## **DISCUSSION**

Plaintiff's claims against Shintani and Watanabe arise from actions that they took in their positions as Custody

4

Evaluators with the State of Hawai`i, First Circuit Family Court's Custody Investigation Unit.  See 1/19/21 Order at 13-15. The basic facts regarding Shintani and Watanabe's positions and their involvement in the custody case between Plaintiff and Sutton are not in dispute in the instant case.  However, the mere fact that the acts which form the bases of Plaintiff's claims were acts that Shintani and Watanabe allegedly took in the course of their official positions is not, by itself, grounds to grant summary judgment to Shintani and Watanabe as to all of Plaintiff's §§ 1983 and 1985 claims.

The fact that Plaintiff has sued Shintani and Watanabe in their individual capacities, see 1/19/21 Order at 19, does not mean that, in order to prevail on her claims, Plaintiff must prove they were acting outside of their official positions during the events in question.  Section 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

The United States Supreme Court has stated "[t]he requirement of action under color of state law means that [the defendant] may

be liable for [her allegedly wrongful act] **precisely because of her authority** [in her state position]." Hafer v. Melo, 502 U.S. 21, 27–28 (1991) (emphasis added); see also 1/19/21 Order at 19 ("State officials sued in their individual capacities . . . are persons for the purposes of § 1983 and may be held personally liable for damages based upon actions taken in their official capacities." (quotation marks and some citations omitted) (citing Hafer v. Melo, 502 U.S. 21, 27-28 (1991))). Thus, the basic premise of the instant Motion is incorrect.

This Court has previously stated that,

[a]s to Plaintiff's § 1983 claims:

> To be held liable, each Defendant's personal conduct must have either (1) directly subjected Plaintiff to a deprivation of federal rights; or (2) indirectly caused Plaintiff to be subjected to the same. Lacey v. Maricopa Cnty., 693 F.3d 896, 915 (9th Cir. 2012). A person "subjects" another to a rights violation if he "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). A person can "cause" another to be subjected to a rights violation "by setting in motion a series of acts . . . which the actor knows or reasonably should know would cause . . . the constitutional injury." Id. (quoting Duffy, 588 F.2d at 743). In the latter scenario, the defendant "must have at least the same level of intent as would be required if the [defendant] were directly to deprive the

6

>           [plaintiff] of his constitutional rights."
>           Id. at 916.
>
>      Long [v. Sugai, No. CV 19-00235 JMS-RT], 2020 WL
>      7482010, at *6 [(D. Hawai`i Dec. 18, 2020)]
>      (alterations in Long).

[1/19/21 Order at 20-21.] The evidence that Plaintiff submitted in support of Plaintiff's 7/1/20 Motion included reports written by Shintani and Watanabe. See 1/19/21 Order at 12-13 (citing dkt. no. 62-20 at PageID #: 464-88 (Pltf.'s Exh. S); dkt. no. 62-20 at PageID #: 489-98 (Pltf.'s Exh. T)).

>      Plaintiff alleges Shintani submitted a false
>      and unsubstantiated report, which was used
>      against Plaintiff in the family court
>      proceedings. Plaintiff also alleges Shintani
>      altered the contents of court orders. [{Second
>      Amended Complaint} at PageID #: 69.] Plaintiff
>      alleges Watanabe committed perjury during her
>      testimony before the family court judge. [Id. at
>      PageID #: 70.] . . .

[Id. at 6.] Further, Plaintiff's 7/1/20 Motion "appear[ed] to challenge the contents of Shintani's and Watanabe's reports, in particular with regard to their reliance on certain police reports, which Plaintiff questions the accuracy of." [1/19/21 Order at 13.] Shintani and Watanabe have not identified any evidence disproving Plaintiff's allegations. Instead, they argue that, "if Plaintiff disputes the contents of the reports [they] submitted to the Family court [sic] and the veracity of their testimony, those are matters to be resolved by the Family Court . . . ." [Mem. in Supp. of Motion at 10.] Some of the

7

relief that Plaintiff seeks in this case may be reserved for the family court. See, e.g., 1/19/21 Order at 17 (discussing the relief Plaintiff is seeking in this case). However, at a minimum, Plaintiff's claims seeking monetary damages against Shintani and Watanabe for their involvement in the alleged violation of Plaintiff's constitutional rights are squarely within this Court's jurisdiction. Because the instant Motion presents a specific argument - that Shintani and Watanabe are entitled to summary judgment as to all of Plaintiff's claims because they were acting in their official capacities - this Court declines to rule on any other issue at this time.

In the 1/19/21 Order, this Court concluded that, for purposes of Plaintiff's 7/1/20 Motion, the record was "insufficient to establish that either Shintani or Watanabe '(1) directly subjected Plaintiff to a deprivation of federal rights; or (2) indirectly caused Plaintiff to be subjected to the same.'" [1/19/21 Order at 21 (quoting Long, 2020 WL 7482010, at *6).] However, as to that analysis, Shintani and Watanabe were the nonmoving parties, and the record had to be construed in the light most favorable to them. [Id. at 19 & n.11 (citing Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013)).] As to the instant Motion, Shintani and Watanabe are the moving parties, and the record must be construed in the light most favorable to Plaintiff. See Crowley, 734 F.3d at

8

976. Further, at this stage of the case, this Court cannot make determinations regarding the parties' credibility. See Estate of Lopez ex rel. Lopez v. Gelhaus, 871 F.3d 998, 1009 n.10 (9th Cir. 2017) ("At the summary judgment stage, '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" (alteration in Lopez) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))).

Construing the record in the light most favorable to Plaintiff, this Court must find that there are genuine questions of fact as to the material issues of whether Shintani and/or Watanabe directly or indirectly caused Plaintiff to be deprived of her constitutional rights. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Therefore, Shintani and Watanabe are not entitled to summary judgment as to Plaintiff's § 1983 claims.

As to the remaining portions of Plaintiff's claims against Shintani and Watanabe, § 1985(3) states, in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or

9

> class of persons of the equal protection of the
> laws, or of equal privileges and immunities under
> the laws; or for the purpose of preventing or
> hindering the constituted authorities of any
> State or Territory from giving or securing to all
> persons within such State or Territory the equal
> protection of the laws; . . . in any case of
> conspiracy set forth in this section, if one or
> more persons engaged therein do, or cause to be
> done, any act in furtherance of the object of
> such conspiracy, whereby another is injured in
> his person or property, or deprived of having and
> exercising any right or privilege of a citizen of
> the United States, the party so injured or
> deprived may have an action for the recovery of
> damages occasioned by such injury or deprivation,
> against any one or more of the conspirators.

See also 1/19/21 Order at 22 (listing the required elements to prove a § 1985(3) violation, as stated in <u>United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott</u>, 463 U.S. 825, 828-29 (1983))). Construing the record in the light most favorable to Plaintiff, this Court finds that there are genuine issues of material fact as to the elements of Plaintiff's § 1985(3) claims. Therefore, Shintani and Watanabe are not entitled to summary judgment as to Plaintiff's § 1985(3) claims.

Shintani and Watanabe's Motion is denied in its entirety. The denial of their Motion is without prejudice to their filing of another motion for summary judgment, such as one focused on the qualified immunity doctrine, provided that the

new motion does not address issues which have already been ruled upon in either the 1/19/21 Order or the instant Order.[2]

### CONCLUSION

For the foregoing reasons, Defendants Barbara Shintani and Jann Watanabe's Motion for Summary Judgment, filed March 5, 2021, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 6, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPHINE GRACE LAPINA VS. DAVID GIERLACH, ET AL; CV 19-00452 LEK-KJM; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

[2] Because no scheduling order has been issued in this case, there is currently no dispositive motions deadline. A telephonic status conference is scheduled before the magistrate judge on July 8, 2021.