UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPHINE GRACE LAPINA,<br><br>             Plaintiff,<br><br>     vs.<br><br>DAVID GIERLACH, FAMILY COURT JUDGE; BARBARA SHINTANI, AN INDIVIDUAL; JAN WATANABE, AN INDIVIDUAL; SCOT BROWER, AN INDIVIDUAL; EDWARD SMITH, AN INDIVIDUAL; MICHAEL J. SUTTONII, AN INDIVIDUAL;  CITY AND COUNTY OF HONOLULU, A PUBLIC ENTITY; AND  DOES 1 THROUGH 4, INCLUSIVE;<br><br>             Defendants. | CIV. NO. 19-00452 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants Barbara W. Shintani ("Shintani") and Jann Y. Watanabe's ("Watanabe") Motion for Summary Judgment ("Motion"), filed on January 27, 2022. [Dkt. no. 107.]  Pro se Plaintiff Josephine Grace Lapina ("Plaintiff") did not respond to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Shintani and Watanabe's Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

Plaintiff's operative pleading is her Second Amended Complaint for Damages ("Second Amended Complaint"), which she filed on December 10, 2019. [Dkt. no. 14.] It alleges three claims arising from violations of Plaintiff's rights under the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1985. The alleged violations occurred during the course of family court proceedings, and related events, which Plaintiff asserts resulted in the termination of her parental rights. The only remaining defendants in this case are Shintani, Watanabe, and Michael Sutton II ("Sutton"), the father of Plaintiff's daughters.[1] See Order Denying Defendants' Motion for Summary Judgment, filed 7/6/21 (dkt. no. 103) ("7/6/21 Order"), at 2-3.[2]

The first § 1983 and § 1985 claim alleges a violation of Plaintiff's substantive and procedural due process rights arising from the seizure of her children and the on-going withholding of her children from her ("Count I"). [Second Amended Complaint at PageID #: 76-77.] The second § 1983 and § 1985 claim alleges a violation of Plaintiff's "due process

---

[1] Although Plaintiff served Sutton in February 2021, she does not appear to be pursuing her claims against him, and the magistrate judge has issued an order to show cause why her claims against him should not be dismissed for failure to prosecute. See Order to Show Cause, filed 4/7/22 (dkt. no. 111), at 3-4.

[2] The 7/6/21 Order is also available at 2021 WL 2815798.

right to be free from deception in the presentation of evidence to the [family] court" ("Count II"). [Id. at PageID #: 77.] The third § 1983 and § 1985 claim alleges an unwarranted seizure of Plaintiff's children by social workers, court security guards, and/or sheriffs at the family court ("Count III"). [Id. at PageID #: 79.] Plaintiff's claims against Shintani and Watanabe have been construed as claims against them in their individual capacities. See Order: Denying the Portion of Plaintiff's July 1, 2020 Motion Seeking Summary Judgment; Denying Defendants Shintani and Watanabe's Request for Summary Judgment; and Granting Defendants Brower and Smith's Requests for Summary Judgment, filed 1/19/21 (dkt. no. 83) ("1/19/21 Order"), at 19.[3] In the instant Motion, Shintani and Watanabe argue they are entitled to summary judgment as to all of Plaintiff's claims against them, based on qualified immunity and quasi-judicial immunity.

## DISCUSSION

I. **Scope of the Record on Summary Judgment**

Plaintiff did not file a response to the concise statement of facts that Shintani and Watanabe filed with the instant Motion. See Defendants Jann Watanabe and Barbara Shintani's **Supplemental** Concise Statement of Facts, filed

---

[3] The 1/19/21 Order is also available at 2021 WL 191635.

1/27/22 (dkt. no. 106) ("1/27/22 CSOF").  Because Plaintiff did not file a response, all material facts set forth in the 1/27/22 CSOF are deemed admitted for purposes of the instant Motion. See Local Rule LR56.1(g).

Shintani and Watanabe's Motion also relies on a prior concise statement of facts that they, along with other defendants who are no longer parties, filed in this case.  See Motion at PageID #: 859 (stating the Motion is based, in part, on "the Concise Statement of Facts filed herein on August 14, 2020"); Defendants State of Hawai`i, Attorney General Clare E. Connors, Office of the Attorney General, Judiciary, Child Support Enforcement Agency, Barbara Shintani and Jann Watanabe's Concise Statement of Facts, filed 8/14/20 (dkt. no. 71) ("8/14/20 CSOF").[4]  The 8/14/20 CSOF was filed in support of those defendants' memorandum in opposition to what was construed, in part, as Plaintiff's motion for summary judgment. See Plaintiff's "Motion for Judicial Review, Declaration of All Defendants Regarding Rights and Powers, Oath of Office," filed 7/1/20 (dkt. no. 62) ("Plaintiff's 7/1/20 Motion"); Minute Order, filed 7/10/20 (dkt. no. 63) (construing Plaintiff's 7/1/20 Motion); Mem. in Opp. to Plaintiff's Motion for Summary

---

[4] The 8/14/20 CSOF is attached to the 1/27/22 CSOF as Exhibit 2 to the Declaration of Robyn B. Chun ("Chun Declaration").  [Dkt. no. 106-4.]

4

Judgment, filed 8/14/20 (dkt. no. 72) ("8/14/20 Mem. in Opp.").[5] Because Shintani and Watanabe rely on the 8/14/20 CSOF to support the instant Motion, this Court will also consider the materials that Plaintiff previously submitted in support of Plaintiff's 7/1/20 Motion in ruling on the instant Motion.

## II. **Evidence Before this Court**

In 2017, Plaintiff and Sutton were involved in child custody proceedings before the State of Hawai`i Family Court of the First Circuit ("family court"). See Chun Decl., Exh. 1 (Judgment of Paternity and Order Re: Mother's Motion Filed on 11/7/16, filed 7/28/17 in Lapina v. Sutton, FC-P No. 16-1-6390 ("7/28/17 Family Court Order")).[6] The 7/28/17 Family Court Order directed Plaintiff, Sutton, and the children to attend an interview with Shintani on August 17, 2017. [1/27/22 CSOF at ¶ 2.] Shintani is "a Custody Evaluator (Social Worker 4) in the Custody Investigation Unit at the Family Court of the First Circuit, State of Hawai`i." [8/14/20 CSOF, Decl. of Barbara W. Shintani ("Shintani Decl.") at ¶ 1.]

On August 17, 2017, when Plaintiff and the children arrived at the courthouse for the interview, security confiscated a methamphetamine pipe. [1/27/22 CSOF at ¶ 3

---

[5] The portion of Plaintiff's 7/1/20 Motion seeking summary judgment was denied in the 1/29/21 Order.
[6] The 7/28/17 Family Court Order was signed by Judge Na`unanikina`u Kamali`i. See Chun Decl., Exh. 1 at 9 of 9.

(citing 8/14/20 CSOF at ¶ 8).]  Shintani proceeded with the interview and drafted a report, which she submitted to the family court, Plaintiff, and Sutton on August 21, 2017.  [Id. at ¶¶ 4-5.]  Based on her investigation, Shintani recommended that Sutton be awarded temporary physical and legal custody of the children and that he be allowed to take them to live in Arizona.  [Shintani Decl. at ¶ 6.]

Judge David J. Gierlach held a hearing on August 21, 2017, and issued two orders: 1) an order awarding sole physical and legal custody to Sutton, on a temporary basis, and allowing him to take the children to live with him in Arizona ("8/21/17 Temporary Custody Order"); and 2) an Order for Custody Investigation, which found good cause for the conduct of an investigation regarding custody and visitation issues ("8/21/17 Investigation Order").  [1/27/22 CSOF at ¶¶ 6-8; Chun Decl., Exh. 3 (8/21/17 Temporary Custody Order) & Exh 4 (8/21/17 Investigation Order).]

Watanabe is a Custody Evaluator (Social Worker 5) with the family court.  [8/14/20 CSOF, Decl. of Jann Y. Watanabe ("Watanabe Decl.") at ¶ 1.]  Watanabe interviewed Plaintiff at the family court courthouse, and she interviewed Sutton and the children, who were in Arizona, through Skype.  [Id. at ¶ 8.]  Watanabe states her usual practice when performing a custody investigation is to draft a report for the family court,

6

describing the interviews she conducted and including her custody and visitation recommendations. [Id. at ¶ 6.] Watanabe recommended that Sutton be awarded sole physical and legal custody of the children, but that Plaintiff be allowed to have supervised visits with them in Arizona. [Id. at ¶¶ 9-10.]

On January 8, 2018, the family court held a hearing regarding custody and visitation. [1/27/22 CSOF at ¶ 8.] On March 28, 2018, Judge Gierlach issued an Order Regarding Custody and Visitation ("3/28/18 Permanent Custody Order"). [Chun Decl., Exh. 5.] Judge Gierlach found that it was in the children's best interests for sole physical and legal custody to be granted to Sutton, and for Plaintiff to be allowed to have supervised visitations. [Id. at ¶¶ 1-2.]

Plaintiff alleges Shintani's report to the family court was false and unsubstantiated. Plaintiff also alleges Shintani altered the contents of court orders. [Second Amended Complaint at PageID #: 69.] Plaintiff alleges Watanabe committed perjury during her testimony before the family court judge. [Id. at PageID #: 70.] In Plaintiff's 7/1/20 Motion, Plaintiff pointed to Exhibits P, Q, R, S, T as evidence that State of Hawai`i ("the State") employees violated her constitutional rights. [Plaintiff's 7/1/20 Motion at 18.] Exhibit P is the family court's 8/21/17 Temporary Custody Order. [Dkt. no. 62-17.] Exhibit Q is a letter, dated May 12, 2020, to

7

Plaintiff from the Office of the Oldham County Attorney, Division of Child Support, transmitting a copy of a letter from the State Child Support Enforcement Agency requesting the closure of the Kentucky child support case.[7]  [Dkt. no. 62-18.]  Exhibit R is the family court's 3/28/18 Permanent Custody Order.  [Dkt. no. 62-19.]  Exhibit S is a Custody Investigation Unit Report by Watanabe, dated November 20, 2017 ("11/20/17 Report").  [Dkt. no. 62-20 at PageID #: 464-88.]  Exhibit T is "B. Shintani's Status Report/Recommendation," dated August 21, 2017 ("8/21/17 Report").  [Id. at PageID #: 489-98.]  Plaintiff also appears to challenge the contents of Shintani's and Watanabe's reports, in particular with regard to their reliance on certain police reports, which Plaintiff questions the accuracy of.  See Plaintiff's 7/1/20 Motion at 28-32.  Generally, she argues all of the defendants "have been conspiring since August 21, 2017 building a case against the Plaintiff and hiding evidence."  [Id. at 33.]

## II.  **Quasi-Judicial Immunity**

The Court turns first to Shintani and Watanabe's argument that they are entitled to summary judgment, based on quasi-judicial immunity.

---

[7] According to Plaintiff, Sutton lived in Kentucky prior to moving to Arizona.  [Second Amended Complaint at PageID #: 75.]

Judge Gierlach was originally among one of the defendants in this case. See Complaint for Violation of Civil Rights, filed 8/21/19 (dkt. no. 1), at PageID #: 4. In recommending the dismissal, with prejudice, of Plaintiff's claims against Judge Gierlach, the magistrate judge noted:

> "Judges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1388 (9th Cir. 198[7]) (citations omitted). "This immunity applies even when the judge is accused of acting maliciously or corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967) (citations and internal quotation marks omitted). "Judicial immunity may be overcome only if the judge's actions are 'not taken in the judge's judicial capacity,' or are 'taken in the complete absence of all jurisdiction.'" Ah Puck v. Werk, CIV. NO. 17-00154 DKW-KJM, 2017 WL 1731685, at *3 (D. Haw. May 2, 2017) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

[Findings and Recommendation to: (1) Dismiss Complaint with Limited Leave to Amend; (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("F&R"), filed 9/24/19 (dkt. no. 4), at 10-11.[8]]

---

[8] The F&R is also available at 2019 WL 5386500. The F&R was adopted by this Court in an order issued on October 21, 2019. [Dkt. no. 6.] Therefore, the magistrate judge's findings of fact and conclusions of law in the F&R are now the findings and conclusions of this Court, and the magistrate judge's recommendations in the F&R are now the rulings of this Court.

> "Under the doctrine of quasi-judicial immunity, absolute judicial immunity may be 'extended to certain others who perform functions closely associated with the judicial process.'" Bridge Aina Le`a, LLC v. Haw. Land Use Comm'n, 125 F. Supp. 3d 1051, 1074 (D. Haw. 2015) (quoting Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001)), aff'd, 950 F.3d 610 (9th Cir. 2020). . . .

Sullivan v. Kennedy, CIVIL NO. 21-00235 JAO-RT, 2021 WL 2383224, at *3 (D. Hawai`i June 10, 2021), appeal dismissed, No. 21-16123, 2021 WL 4597834 (9th Cir. Sept. 17, 2021), cert. denied, 142 S. Ct. 789 (2022). Quasi-judicial immunity is a form of absolute immunity, which "'is an immunity from suit rather than a mere defense to liability[.]'" See Chavez v. Robinson, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)).

In Sullivan, this district court ruled that Dr. Reneau Kennedy ("Dr. Kennedy"), who performed a court-ordered competency examination of Leihinahina Sullivan ("Sullivan") in the criminal case against Sullivan, was entitled to quasi-judicial immunity from Sullivan's civil action arising from Dr. Kennedy's preparation and transmission of the competency report. See id. This district court stated:

> Court-appointed psychologists and psychiatrists who perform court-ordered evaluations enjoy quasi-judicial immunity. See Doe v. Arizona, 240 F. App'x 241 (9th Cir. 2007) (affirming dismissal of the claims against a doctor who performed court-ordered evaluations because he was entitled to quasi-judicial immunity (citing Burkes v.

10

> > Callion, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam))); Xoss v. County of Los Angeles, CV 12-1400 PSG (RZx), 2013 WL 11324011, at *2 (C.D. Cal. May 22, 2013) ("The Ninth Circuit has held that a court-appointed psychiatrist has quasi-judicial immunity from damages liability for acts committed 'in the performance of an integral part of the judicial process,' such as preparing and submitting medical reports[.]" (citations omitted)); cf. Mullis v. U.S. Bankr. Ct. for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987) (in the Bivens context, applying absolute quasi-judicial immunity from damages for civil rights violations to court clerks "when they perform tasks that are an integral part of the judicial process" (citations omitted)).

Id. (alteration in Sullivan).

Similarly, at the relevant times, Shintani and Watanabe were State employees working in a unit of the family court. See Shintani Decl. at ¶ 1; Watanabe Decl. at ¶ 1. Shintani and Watanabe each interviewed Plaintiff pursuant to a family court order. See Chun Decl., Exh. 1 (7/28/17 Family Court Order) at 8 of 9; id., Exh. 4 (8/21/17 Investigation Order). Shintani and Watanabe each made recommendations to the family court. See Shintani Decl. at ¶ 6; Watanabe Decl. at ¶¶ 9-10; see also Plaintiff's 7/1/20 Motion, Exh. S (Watanabe's 11/20/17 Report); id., Exh. T (Shintani's 8/21/17 Report). The family court apparently relied upon Shintani's and Watanabe's recommendations, as indicated by the fact that the family court's rulings were consistent with their recommendations. See Chun Decl., Exh. 3 (8/21/17 Temporary Custody Order); id.,

11

Exh. 5 (3/28/18 Final Custody Order).  Thus, even viewing the record in the light most favorable to Plaintiff,[9] there are no genuine issues of fact regarding Shintani's and Watanabe's roles in Plaintiff and Sutton's family court case.  See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  This Court finds that Shintani and Watanabe "perform[ed] functions closely associated with the judicial process" in the family court case.  See Duvall, 260 F.3d at 1133 (quotation marks and citation omitted).  This Court therefore concludes that, as a matter of law, Shintani and Watanabe are entitled to quasi-judicial immunity.  Shintani and Watanabe are entitled to summary judgment as to all of Plaintiff's claims against them.

### III. **Qualified Immunity**

For the sake of completeness, this Court will also address Shintani and Watanabe's alternate argument that they are entitled to summary judgment based on qualified immunity.  This district court has stated that:

> "Qualified immunity affords limited protection to public officials faced with liability under 42 U.S.C. § 1983, insofar as their conduct does not violate clearly

---

[9] In determining whether there is a genuine issue of material fact that precludes summary judgment, a court must view the record in the light most favorable to the non-moving party.  Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

>established statutory or constitutional rights of which a reasonable person would have known." Shafer v. County of Santa Barbara, 868 F.3d 1110, 1115 (9th Cir. 2017) (internal quotation marks and citation omitted).  "To determine whether qualified immunity applies in a given case, [courts] must determine: (1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation."  Id. (citing Kirkpatrick v. County of Washoe, 843 F.3d 784, 788 (9th Cir. 2016) (en banc)). . . .

Burton v. City & Cnty. of Hawai`i, CIVIL NO. 20-00208 JAO-RT, 2022 WL 280999, at *10 (D. Hawai`i Jan. 31, 2022) (brackets in Burton).

In order to avoid summary judgment, Plaintiff must identify "specific facts showing that there is a genuine issue for trial."  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quotation marks omitted).  Conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment.  See Thornhill Publ'g Co. v. Gen. Tel. Elecs. Corp., 594 F.2d 730, 738 (9th Cir. 1979).  In this case, Plaintiff has merely made conclusory and speculative statements that Shintani and Watanabe made false statements to the family court and conspired against her.  The Ninth Circuit has cautioned that "the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature."  Nigro v. Sears,

13

Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015) (citation omitted). However, Nigro also provides that

> a self-serving declaration does not always create a genuine issue of material fact for summary judgment: The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence. See [S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir. 2007)]; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true); F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Id. at 497-98. Plaintiff's conclusory statements in the Second Amended Complaint and in Plaintiff's 7/1/20 Motion asserting that Shintani and Watanabe made false statements in their reports are unsupported by any evidence that would be admissible at trial. Moreover, Plaintiff failed to respond to the instant Motion, and thus did not attempt to identify any evidence that contradicts Shintani's and Watanabe's Motion. Because Plaintiff has failed to identify any admissible evidence that raises a genuine issue of fact for trial as to the issue of whether either Shintani or Watanabe violated Plaintiff's constitutional rights, Shintani and Watanabe would be entitled to qualified immunity. Thus, if this Court had not granted summary judgment

14

in favor of Shintani and Watanabe based on quasi-judicial immunity, this Court would grant summary judgment in their favor based on qualified immunity.

## CONCLUSION

For the foregoing reasons, Shintani and Watanabe's Motion for Summary Judgment, filed January 27, 2022, is HEREBY GRANTED. Summary judgment is granted in favor of Shintani and Watanabe as to all of Plaintiff's claims against them. There being no remaining claims against Shintani and Watanabe, the Clerk's Office is DIRECTED to terminate them as parties on **May 16, 2022,** unless Plaintiff files a motion for reconsideration of this Order by **May 13, 2022.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWA8II, April 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPHINE GRACE LAPINA VS. DAVID GIERLACH, ET AL; CV 19-00452 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**