IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPHINE GRACE LAPINA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID GIERLACH, FAMILY ) <br> COURT JUDGE; BARBARA ) <br> SHINTANI, AN INDIVIDUAL; ) <br> JAN WATANABE, AN ) <br> INDIVIDUAL; SCOT BROWER, ) <br> AN INDIVIDUAL; EDWARD ) <br> SMITH, AN INDIVIDUAL; ) <br> MICHAEL J. SUTTON, II, AN ) <br> INDIVIDUAL; CITY AND ) <br> COUNTY OF HONOLULU, A ) <br> PUBLIC ENTITY; AND DOES 1 ) <br> THROUGH 4, INCLUSIVE, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 19-00452 LEK-KJM <br><br> FINDINGS AND <br> RECOMMENDATION TO DISMISS <br> PLAINTIFF JOSEPHINE GRACE <br> LAPINA'S CLAIMS AGAINST <br> DEFENDANT MICHAEL J. SUTTON, <br> II, FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF JOSEPHINE GRACE LAPINA'S CLAIMS AGAINST
DEFENDANT MICHAEL J. SUTTON, II, FOR FAILURE TO PROSECUTE

On August 21, 2019, Plaintiff Josephine Grace Lapina ("Plaintiff") filed her original Complaint. ECF No. 1. On December 10, 2019, Plaintiff filed a Second Amended Complaint. ECF No. 14. On February 19, 2021, Plaintiff served Defendant Michael J. Sutton, II ("Defendant Sutton") with the Second Amended Complaint and Summons. ECF No. 91. On April 29, 2022, the district court granted summary judgment in favor of Defendants Barbara Shintani and Jan

Watanabe.  ECF No. 112.  As a result, only Plaintiff's claims against Defendant Sutton remain.

Plaintiff failed to appear at a status conference on July 8, 2021.  ECF No. 104.  In addition, Plaintiff failed to appear at a settlement conference on April 4, 2022, and submit a settlement conference statement, which was due on March 28, 2022.  ECF No. 110.  On April 7, 2022, this Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by April 28, 2022, why Plaintiff's claims against Defendant Sutton should not be dismissed for Plaintiff's failure to attend the foregoing proceedings, comply with submissions deadlines, and prosecute her claims against Defendant Sutton ("04/07/2022 OSC").  ECF No. 111.  Plaintiff did not file a response to the 04/07/2022 OSC.

## DISCUSSION

Plaintiff served Defendant Sutton with the Second Amended Complaint over a year ago, in February 2021.  ECF No. 91.  As the Court noted in the 04/07/2022 OSC, however, "the record is devoid of any indication that Plaintiff is actively pursuing her claims against Defendant Sutton."  ECF No. 111 at 3.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of Plaintiff's claims against Defendant Sutton is proper given Plaintiff's failure to prosecute.

     First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since August 2019, and Plaintiff has failed to pursue her claims against Defendant Sutton.  Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute her claims, or even appear for scheduled proceedings of which Plaintiff had advanced notice, has interfered with the Court's ability to manage its docket.  To date, Plaintiff fails to provide sufficient reasoning as to why she failed to appear for the July 8, 2021 status conference and April 4, 2022 settlement conference.

Third, the risk of prejudice to Defendant Sutton weighs heavily in favor of dismissal. Defendant Sutton will suffer prejudice if this case continues without action by Plaintiff to pursue her claims. Plaintiff's inaction has impaired Defendant Sutton's ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to reach Plaintiff for court proceedings. The Court subsequently issued the 04/07/2022 OSC, warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss her claims against Defendant Sutton. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel her to take the necessary steps to prosecute her claims.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute her claims against Defendant Sutton, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these

circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the claims against Defendant Sutton be without prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint as to the claims against Defendant Sutton for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 29, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Lapina v. State of Hawaii, et al.*, Civil No. 19-00452 LEK-KJM; Findings and Recommendation to Dismiss Plaintiff Josephine Grace Lapina's Claims Against Defendant Michael J. Sutton, II, for Failure to Prosecute

5